UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  NO. 3:25-CR-118-KHJ-LGI

ADARLYN COURTEZ PRICE

ORDER

Before the Court is Defendant Adarlyn Courtez Price's [25] Motion to Dismiss. The Court denies the motion.

I.   Background

The [16] Indictment charges Price with two counts of knowingly possessing a machine gun in violation of 18 U.S.C. § 922(o). Price moves to dismiss the Indictment. [25]. Arguing that Section 922(o) is unconstitutional, Price raises (1) a facial Second Amendment challenge, (2) an as-applied Second Amendment challenge, and (3) a Commerce Clause challenge. *See id.* at 2–10.

II.  Standard

Under Rule 12, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "The propriety of granting a motion to dismiss an indictment by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (cleaned up). If the motion involves a question of

law, "then consideration of the motion is generally proper." *Id.* (quotation omitted). Rule 12 thus authorizes the Court to address a motion to dismiss "based on the resolution of a legal question in the presence of undisputed facts." *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005), *abrogated on unrelated grounds by Abramski v. United States*, 573 U.S. 169 (2014).

III.  Analysis

The Court must reject Price's constitutional challenges.

First, the Court must reject Price's facial and as-applied Second Amendment challenges. *See* [25] at 2–8 (citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)). In *Hollis v. Lynch*, the Fifth Circuit rejected a constitutional challenge to Section 922(o) and held that machineguns "do not receive Second Amendment protection." 827 F.3d 436, 451 (5th Cir. 2016). And recently, the Fifth Circuit reaffirmed that *Hollis* remains binding precedent. *United States v. Wilson*, ___ F.4th ___, 2026 WL 83506 (5th Cir. 2026) ("In sum, *Hollis* continues to bind us. And because *Hollis* controls, Wilson's challenge to his § 922(o) conviction must fail.").[1]

Second, the Court must reject Price's Commerce Clause challenge, which Price admits is foreclosed by Fifth Circuit precedent. *See* [25] at 8–10; *United States v. Knutson*, 113 F.3d 27 (5th Cir. 1997).

As the law stands, Price's constitutional challenges are foreclosed by binding Fifth Circuit precedents. The Court therefore denies the motion to dismiss.

---

[1] As in *Wilson*, Price's facial and as-applied Second Amendment challenge arguments effectively merge into a single claim and fail. *See Wilson*, 2026 WL 83506, at n. 7.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Defendant Adarlyn Courtez Price's [25] Motion to Dismiss.

SO ORDERED, this 2nd day of February, 2026.

                                                            s/ *Kristi H. Johnson*
                                                          UNITED STATES DISTRICT JUDGE