UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                            NO. 3:25-CR-118-KHJ-LGI

ADARLYN COURTEZ PRICE

ORDER

Before the Court is Defendant Adarlyn Courtez Price's [31] Motion to Suppress Evidence. Briefing is complete, but the Court is left with more questions than answers. An evidentiary hearing is set for next month so the Court orders supplemental briefing.

The [16] Indictment charges Price with two counts of knowingly possessing a machine gun in violation of 18 U.S.C. § 922(o). Price moves to suppress the Government's evidence against him. Mot. to Suppress [31]. He argues that law enforcement violated his Fourth Amendment rights because they lacked a valid arrest warrant. *Id.* at 5. He insists that the good-faith exception cannot cure the defect because no officer could have reasonably relied on the bare-bones affidavit. *Id.* at 6–7. He also seeks to suppress evidence discovered through later search warrants and statements he made to law enforcement because it all derives from his unlawful arrest. *Id.* at 7–9.

In a page-and-a-half response, the Government says nothing about Price's challenge to the facial sufficiency of the warrant affidavit. Gov't Resp. [33] at 1.

Instead, it changes the subject: the arresting agent provided oral sworn testimony to the issuing judge, and that testimony—not the affidavit alone—established probable cause. *Id.* Relying on a Seventh Circuit case, the Government declares that "[i]nformation supporting probable cause for an arrest warrant can be provided to a judge orally through sworn testimony." *Id.* at 2. The Fifth Circuit, apparently, is beside the point.

But that's wrong. Controlling law in this Court comes from the Fifth Circuit, not the Seventh—and the Government leaves the Court without any guidance on what that law demands. What does the Fifth Circuit require when an agent supplements a written affidavit with oral testimony? Does that practice satisfy the warrant requirement at all? And if it does, must the substance of the testimony be documented so a reviewing court can assess what the issuing judge was actually told? These are not questions the Court should have to answer on the Government's behalf.

Doubling down, the Government then concludes— without evidence, without authority, and without argument—that the collective knowledge doctrine applies to the Capitol Police Officers executing the arrest warrant. *Id.* at 2. What is the collective knowledge doctrine? Why does it apply to the Capitol Police Officers? How does it apply? Whose knowledge is being aggregated? What knowledge is the Government saying the arresting officers possessed at the time the warrant was executed? If the collective knowledge doctrine does apply, what does it mean for the facts here? If it does not apply, then what? Can the collective knowledge doctrine

cure a deficient warrant affidavit by importing information known to law enforcement but never communicated to the issuing judge, either writing or orally?

Finally, the Government invokes the good-faith exception and, again, offers no facts, no law, and no analysis to support its argument. But why does the good-faith exception apply? And why could the officers reasonably rely on the arrest warrant? The Government does not say. Once again, it asks the Court to supply what its brief does not.

Given the Government's lackluster briefing, the Court is left with the impression that the Government is shifting its burden to the Court. That the Government expects the Court to independently develop the legal arguments and analysis that the Government itself should be advancing. That is not the Court's role. The Government initiated this prosecution and bears the responsibility of ensuring that the Court has the legal tools and analysis necessary to adjudicate motions of this significance. Suppression motions implicate constitutional rights and can have dispositive consequences. They demand rigorous, substantive briefing.

Accordingly, the Government is ORDERED to file a Supplemental Brief no later than May 13, 2026, that shall:

1. Articulate the precise legal standard applicable to each issue raised in the suppression motion.

2. Address each argument raised in the suppression motion with specificity and substantive legal analysis.

3. Cite controlling authority from the United States Supreme Court and the Fifth Circuit, and where none exists, persuasive authority with an

explanation of why it should apply.

Vague, conclusory, or boilerplate arguments will receive little weight. The Court expects briefing commensurate with the constitutional significance of suppression issues.

Price may respond to the Government's Supplemental Brief no later than May 26, 2026.

SO ORDERED, this 1st day of May, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

4